■ JOSEPH QUARCINI, Individually and as Guardian ad Litem of ANTHONY QUARCINI, an Infant, Respondent, v. CLARA BLACKWELL, Appellant.— Judgment and order affirmed, with costs. Memorandum: The evidence presented a factual issue and the verdict of the jury was not against the weight of the evidence. The charge of the trial court contained an erroneous statement of law but considered in the light of all the instructions we conclude that the error was not of sufficient gravity to warrant a new trial. In response to one of plaintiff's requests the jury was told that a driver should exercise " extreme care or caution " when driving on a street where children are playing. This, of course, was not a correct statement but apparently was extracted from an opinion (Hammer v. Bloomingdale Bros., 215 App. Div. 308, 312) where an appellate court made a casual statement in evaluating a jury verdict in a negligence case. Immediately thereafter, however, the court correctly instructed the jury, in response to defendant's request, that the latter was required only to exercise the degree of care which a reasonably prudent person would have used under all of the circumstances of the case. While timely exception was taken to the erroneous statement of law, the charge on this subject, when read as a whole, instructed the jury as to the correct legal principles to be applied. All concur, except Williams, P. J., who dissents and votes to reverse and grant a new trial, in the following memorandum: The Trial Judge charged: " At the request of plaintiff, I will further charge you that a driver should exercise extreme care or caution when driving on a street on which children are playing, and the duty to exercise due care in the operation of an automobile is measured by the exigencies or facts of the particular occasion." The charge of a requirement of " extreme care or caution " was erroneous. The qualifying phrase concerning due care measured by the exigencies of the occasion does not correct the error. An analysis of the above quotation will disclose that the jury was instructed that a person driving on a street " on which children are playing " should exercise due care measured

by the exigencies of the particular occasion, which under such circumstances would be extreme care or caution. There is no other logical interpretation of this language. Nor do references to "ordinary prudence under the circumstances" in other parts of the charge limit the requirement of extreme care and caution if children were playing on the street. The charge as a whole was confusing and misleading and set up a standard of care which is not required under the laws of this State. Furthermore, it is very doubtful whether any reference to children playing on the street was appropriate under the facts of the case. (Appeal from judgment of Niagara Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.